

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

SEP - 7 2006

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| MICHAEL WAYNE CATRETT, ) | CR. NO. 1:06-CR-170-WHA |
| PAULA SERETHA CATRETT, ) | [21 U.S.C. §§ 846, 843(a)(6), |
| DALE ARNOLD WILLIAMS, ) | 856(a)(1) and 18 U.S.C. § 924(c)] |
| TRINITY AMANDA ROBERTS, ) | |
| RENATA LYNN MYERS WALLACE, ) | |
| LINDA SCHALLER CANTELLI, ) | |
| AMY LYNN REDD LOLLEY, ) | **SECOND SUPERSEDING INDICTMENT** |
| CAROL ANN MICHILES, ) | |
| ROY DALE WALLACE, ) | |
| JESSICA LUMANAI BRUMAGHIM, and ) | |
| SONYA MICHELLE PITTMAN ) | |

The Grand Jury charges that:

COUNT 1

From in or about 2003 through on about the 31st day of May, 2006, in Coffee County, within the Middle District of Alabama, the defendants,

MICHAEL WAYNE CATRETT,
PAULA SERETHA CATRETT,
DALE ARNOLD WILLIAMS,
TRINITY AMANDA ROBERTS,
RENATA LYNN MYERS WALLACE,
LINDA SCHALLER CANTELLI,
AMY LYNN REDD LOLLEY,
CAROL ANN MICHILES,
ROY DALE WALLACE,
JESSICA LUMANAI BRUMAGHIM, and
SONYA MICHELLE PITTMAN,

did knowingly, intentionally, and unlawfully conspire and agree with each other and with

others both known and unknown to the Grand Jury to knowingly, intentionally, and

unlawfully manufacture, possess with the intent to distribute and distribute 50 grams or

more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

## COUNT 2

On or about the 31st day of May, 2006 in Coffee County, within the Middle District of Alabama, the defendants,

MICHAEL WAYNE CATRETT, and
PAULA SERETHA CATRETT,

did knowingly and intentionally possess a three-neck round-bottom flask, knowing, intending and having reasonable cause to believe that the three-neck round-bottom flask would be used to manufacture a controlled substance in violation of Title 21, United States Code, Section 843(a)(6).

## COUNT 3

From in or about 2003 until on or about the 31st day of May, 2006, in Coffee County, within the Middle District of Alabama, the defendants,

MICHAEL WAYNE CATRETT, and
PAULA SERETHA CATRETT,

did knowingly open, use and maintain a place for the purpose of manufacturing, distributing and using a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 856(a)(1).

## COUNT 4

On or about the 31st day of May, 2006, in Coffee County, within the Middle District of Alabama, the defendant,

PAULA SERETHA CATRETT,

did knowingly use and carry a Glock .45 caliber pistol, during and in relation to a drug trafficking offense as charged in Count 1 herein, and did possess said firearm in furtherance of, a drug trafficking offense charged in Count 1 herein, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## FORFEITURE ALLEGATION

A.    Counts 1 and 2 of this indictment are hereby repeated and incorporated herein by reference.

B.    Upon conviction for any violation of Title 21, United States Code, Sections 841(a)(1) and/or 846 as alleged in Count 1; and/or Title 21, United States Code, Section 843(a)(6) as alleged in Count 2 of this indictment, the defendants,

MICHAEL WAYNE CATRETT,
PAULA SERETHA CATRETT,
DALE ARNOLD WILLIAMS,
TRINITY AMANDA ROBERTS,
RENATA LYNN MYERS WALLACE,
LINDA SCHALLER CANTELLI,
AMY LYNN REDD LOLLEY,
CAROL ANN MICHILES,
ROY DALE WALLACE,
JESSICA LUMANAI BRUMAGHIM, and
SONYA MICHELLE PITTMAN,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853 any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count 1 of this indictment.

  C. If any of the forfeitable property described in this forfeiture allegation, as a result of any act or omission of the defendants:

   1. cannot be located upon the exercise of due diligence;

   2. has been transferred or sold to, or deposited with, a third person;

   3. has been placed beyond the jurisdiction of the Court;

   4. has been substantially diminished in value; or,

   5. has been commingled with other property which

cannot be subdivided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, intends to seek an order of this Court forfeiting any other property of said defendants up to the value of the forfeitable property.

         A TRUE BILL:

         */s/ Janice Davis Williams*
         Foreperson

*/s/ Leura G. Canary*
LEURA G. CANARY
Assistant United States Attorney

*/s/ John T. Harmon*
John T. Harmon
Assistant United States Attorney

*/s/ A. Clark Morris*
A. Clark Morris
Assistant United States Attorney